IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| OLD DOMINION ELECTRIC COOPERATIVE, <br><br> Plaintiff. <br><br> v. <br><br> RAGNAR BENSON, INC., <br><br> Defendant. | Civil Action Number 3:05CV034-JRS |

## **MEMORANDUM OPINION**

THIS MATTER comes before the Court on Plaintiff Old Dominion Electric Cooperative's ("ODEC') Motion to Compel responses to certain of its 14 Interrogatories and 87 Requests for Production of Documents. ODEC served Defendant Ragnar Benson, Inc. ("RBI") with its discovery requests on February 18, 2005. By agreement, the parties extended the response deadline from March 22, 2005 until April 8, 2005. ODEC received RBI's Objections and Answers on April 11, 2005. Often, in responding to ODEC's discovery, RBI expressed its belief that the discovery request was premature or that ODEC could find the answer by its own efforts. Such uninspired answers are simply unacceptable in this Court.

A party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civil. P. 26(d). The Court conducted the scheduling conference on February 23, 2005 and entered its Scheduling and Pretrial Order that day. Pursuant to paragraph 11 of that Order, "[d]iscovery for all parties shall be concluded at least 41 days prior to trial," which is scheduled to commence on October 11, 2005. Additionally, no interrogatories, requests for

production of documents or requests for admission shall be propounded later than 71 days prior to trial. Therefore, discovery, by necessity, is a finite period of time and the rules of procedure make the deadlines very clear.[1] While these deadlines may be modified by agreement of the parties, see Fed. R. Civil. P. 29, they may not be bypassed unilaterally. Defendant's claim that Plaintiff served its interrogatories prematurely is unavailing as Defendant has not alleged that Plaintiff served its discovery requests prior to their Rule 26(f) conference. Moreover, the Court cannot find any authority establishing a maturity standard for when discovery may begin once the parties have conferred which is required to occur at least 21 days before the scheduling conference.

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . and the identity and location of persons having knowledge of any discoverable matter." Fed. R. Civil P. 26(b)(1). To that end, Plaintiff is entitled to the answers that it seeks and the documents it requested, as outlined below, to the extent Defendant did not raise a specific objection. See Fed. R. Civil P. 33, Advisory Committee Notes (1993) ("objections must be specifically justified, and that unstated or untimely grounds for objection ordinarily are waived").

Although not the best use of judicial resources, the Court will now list the specific interrogatories which Defendant is hereby COMPELLED to answer, keeping in mind the continuing duties under Rule 26(e):

    1.    An itemized list of RBI's damages for each separate counterclaim (Interrogatory No. 1(d));

---

[1] See Fed. R. Civil P. 33(b)(3) ("The party upon whom the interrogatories have been served shall serve a copy of the answers, and objections if any, within 30 days after the service of the interrogatories."); Fed. R. Civil P. 34(b) ("The party upon whom the request is served shall serve a written response within 30 days after the service of the request.").

    2.    A list of all *force majeure* events for which RBI claims compensation (Interrogatory No. 3);

    3.    An itemized list of all "back charges" asserted by RBI against each subcontractor which made a claim against RBI (Interrogatory No. 5);

    4.    Documents or facts that support RBI's claim that it would have been competitive in its bids for additional projects (Interrogatory No. 6);

    5.    A list of those persons or entities involved in RBI's solicitation and/or acceptance of bids from entities employed or contracted by RBI in relation to the Project (Interrogatory No. 7(d));

    6.    The stated reason for the termination of each former employee identified in Interrogatory No. 13;

    7.    A complete answer to Interrogatory No. 14 which asked RBI to "[i]dentify separately, each claim for delay and/or acceleration of work, and for each such claim identify and describe with particularity: the claim, your alleged reason for the delay and/or acceleration; the date you assert the delay and/or acceleration began; the number of days of extension to the Scheduled Substantial Completion Date to which you believe you are entitled for that claim; the date you provided notice to ODEC of the alleged claim; and the documents which support each such claim and/or the giving of notice to ODEC."

With regard to these various interrogatories, Defendant inappropriately advised Plaintiff to go in search of the answers in the mass of documents it produced. However, Defendant must not forget that it met Plaintiff's complaints with fourteen counterclaims. Plaintiff is entitled to discover the specifics of those allegations and not be made to cast about in an effort to find the substance of the claims against it.

    As an example, the Court notes particularly Defendant's answer to Interrogatory No. 14 wherein Plaintiff asked Defendant to identify, with specifics, each claim for delay in the construction's progress toward the Scheduled Substantial Completion Date. In response, Defendant referred Plaintiff to its answer to Interrogatory No. 1. The answer to Interrogatory No. 1 states, in

part, that "the content of the Counterclaims (including the supporting exhibits filed by RBI), together with RBI's Rule 26 Disclosures, the answers to the other interrogatories provided below and RBI's response to ODEC's Request for Production of Documents constitutes RBI's response to this tremendously broad and all inclusive interrogatory." Additionally, Defendant objected to Interrogatory No. 14 "to the extent that the information sought . . . is available from sources that are more convenient insofar as ODEC can obtain this information through a reasonable investigation of its own records and documents relating to the Project." Such an answer certainly violates the requirement that "[a]ll grounds for an objection to an interrogatory shall be stated with specificity." Fed. R. Civil P. 33(b)(3).

Of the many purposes behind discovery, one must be that the parties begin to discover the substance of the claims made against them. However, Defendant defeats this goal by telling Plaintiff to go search its own documents for the substance behind the allegations made in the counterclaims; in this instance Defendant effectively said to Plaintiff, "you were there, you know what you did, therefore you are liable." This type of response is not nearly sufficient to satisfy Defendant's obligations under the discovery rules.

As to the production requests, Plaintiff is entitled to the following documents:

1. The remaining privilege log referred to as the "e-mail privilege log;"

2. An itemized list of the documents removed or withheld from ODEC's inspection conducted at RBI's offices;

3. RBI's federal income tax records as identified in Request No. 85;

4. All documents related to RBI's $15 million line of credit with KeyBank (Request No. 83);

    5.    All documents related to RBI's past and present ability to obtain bonds or bonding capacity with St. Paul Surety or any other surety (Request No. 84);

    6.    The electronic file folder named "Accounting for Austin" referenced in Defendant's Rule 26(a) disclosure;

    7.    An indemnification agreement between Defendant and its surety or insurance carrier;

    8.    The e-mail files for RBI employees Criss, Geskin and Talmadge;

    9.    Correspondence between RBI and its surety regarding coverage and/or indemnification for the claims asserted against Plaintiff.

These documents should not be merely dumped on Plaintiff as though it were Plaintiff's obligation to comb through the tens of thousands of documents produced by Defendant. For example, as to the documents related to Defendant's bonding capacity, an inappropriate response would be to direct Plaintiff to all the documents it produced in response to Interrogatory No. 1. Defendant's obligation is to find these documents and produce them separately from the mass of documents produced.

The parties are reminded that discovery is an ongoing process and what applies to Defendant in this instant motion will apply equally to Plaintiff if and when it is called upon to respond to Defendant's discovery requests. As always, this Court will administer the Federal Rules "to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civil P. 1.

An appropriate Order shall issue.

ENTERED this  23rd  day of MAY, 2005

                                         /s/ James R. Spencer  
                                         UNITED STATES DISTRICT JUDGE