IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

OLD DOMINION ELECTRIC COOPERATIVE,

Plaintiff.

v.

RAGNAR BENSON, INC.,

Defendant.

Civil Action Number 3:05CV034-JRS

**MEMORANDUM OPINION**

THIS MATTER comes before the Court on Defendant Ragnar Benson, Inc.'s ("RBI") Second Motion for Partial Summary Judgment and Plaintiff Old Dominion Electric Cooperative's ("ODEC") Cross-Motion for Partial Summary Judgment. For the reasons stated, both RBI's Second Motion for Partial Summary Judgment (**Docket Entry # 103**) and ODEC's Cross-Motion for Partial Summary Judgment (**Docket Entry # 98**) are DENIED.

**I.**

Each of the Motions presently before the Court relates to the issue of liquidated damages for construction delays associated with underlying delays in obtaining permits. RBI's Motion asks the Court to conclude as a matter of law that ODEC is not entitled to recover liquidated damages from RBI for the 76-day period between April 1, 2003, and June 16, 2003. RBI contends that ODEC's conduct delayed the commencement of construction activity for the time period in question. Even if RBI caused certain delays, RBI submits that those delays would be concurrent with the delays caused by ODEC. In its Cross-Motion, ODEC argues that any and all delays in the permitting

process were RBI's nonexcusable delays. In the alternative, if the Court finds that RBI's delays were excusable, ODEC contends that the delays were noncompensable excusable delays for which neither party would be entitled to liquidated or delay damages.

**II.**

"Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." Smith v. Continental Casualty Co., 369 F.3d 412, 417 (4th Cir. 2004). By its very definition, the summary judgment standard provides "that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). At this stage, the Court will only concern itself with disputes over facts "that might affect the outcome of the suit under the governing law . . . . Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248. Moreover, "a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Id. The threshold inquiry is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250. Summary judgment is not appropriate if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248.

A cross-motion for summary judgment must be reviewed separately and on its own merits so that a court can "determine whether either of the parties deserves judgment as a matter of law." Rossignol v. Voorhaar, 316 F.3d 516, 523 (4th Cir. 2003); see also In re Vulcan Materials Co., 369

F. Supp. 2d 737, 740 (E.D. Va. 2005). As a court considers each individual motion, it "must take care to resolve all factual disputes and any competing, rational inferences in the light most favorable to the party opposing that motion." Rossignol, 316 F.3d at 523 (internal quotations and citations omitted).

### III.

Put simply, the finger-pointing on the issue of delay and permitting responsibilities is the very essence of the dispute underlying this litigation. It is apparent that numerous genuine issues of material fact exist, which is ODEC's very argument in opposition to RBI's Second Motion for Partial Summary Judgment.

A juxtaposition of the parties' statements of material facts reveals numerous genuine issues of material facts. In particular, the facts bearing on proximate causation and foreseeability are clearly in dispute such that a reasonable jury could find in RBI's favor. In light of several genuine issues of material fact, summary judgment is not proper. Upon due consideration, ODEC's Third Motion for Partial Summary Judgment is hereby DENIED as to RBI's Counterclaim IX.

It is SO ORDERED.

/s/ James R. Spencer
CHIEF UNITED STATES DISTRICT JUDGE

ENTERED this  4th  day of August 2006