IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| OLD DOMINION ELECTRIC COOPERATIVE,<br><br>　　　　　　　　　　　　　　　Plaintiff.<br><br>　　　　　v.<br><br>RAGNAR BENSON, INC.,<br><br>　　　　　　　　　　　　　　　Defendant. | Civil Action Number 3:05CV034-JRS |

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Plaintiff Old Dominion Electric Cooperative's ("ODEC") Third Motion for Partial Summary Judgment (**Docket Entry # 105**). ODEC asks the Court to grant summary judgment on Defendant Ragnar Benson, Inc.'s ("RBI") Counterclaims IX and X, seeking damages for lost business opportunities. The Court granted ODEC's first Motion for Partial Summary Judgment, which encompassed Counterclaim X. As such, the instant Motion is now MOOT as it relates to Counterclaim X. For the reasons stated, summary judgment is DENIED as to RBI's Counterclaim IX.

### I.

RBI's Counterclaim IX seeks damages for "Breach of Contract: Lost Business Opportunities," relating specifically to RBI's loss of its credit line with KeyBank and bonding capacity with St. Paul Surety. To prevail, RBI would need to establish that ODEC's acts or omissions proximately caused RBI to lose the financial facilities at issue, and that this result was reasonably foreseeable. ODEC also raises the issue of contractual privity and suggests that,

because RBI's line of credit technically belonged to its parent company, Austin Holdings, Inc., RBI had no independent legal interest in its line of credit and, as such, does not have standing to assert Counterclaim IX. RBI presents deposition excerpts and expert affidavits supporting the conclusion that the loss of RBI's line of credit and bonding capacity was reasonably foreseeable and proximately caused by ODEC's actions. RBI also notes ODEC's failure to provide any direct legal authority for the proposition that a party with a legal interest in the enforcement of rights under a contract does not have a vested legal interest that would provide standing to assert a cause of action.

## II.

"Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." Smith v. Continental Casualty Co., 369 F.3d 412, 417 (4th Cir. 2004). By its very definition, the summary judgment standard provides "that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). At this stage, the Court will only concern itself with disputes over facts "that might affect the outcome of the suit under the governing law . . . . Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248. Moreover, "a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Id. The threshold inquiry is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved

in favor of either party." Id. at 250. Summary judgment is not appropriate if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248.

### III.

A juxtaposition of the parties' statements of material facts reveals numerous genuine issues of material facts. In particular, the facts bearing on proximate causation and foreseeability are clearly in dispute such that a reasonable jury could find in RBI's favor. In light of several genuine issues of material fact, summary judgment is not proper. Upon due consideration, ODEC's Third Motion for Partial Summary Judgment is hereby DENIED as to RBI's Counterclaim IX.

It is SO ORDERED.

    /s/   James R. Spencer
CHIEF UNITED STATES DISTRICT JUDGE

ENTERED this  4th  day of August 2006